**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

JUSTO VAILLANT,
    *Plaintiff*,

    v.

OFFICER CONSTANZA, OFFICER
CHONERKO, OFFICER MOAN,
AND OFFICER SCALISE,
    *Defendants*.

No.3:24-cv-1766-(VAB)

**RULING AND ORDER ON MOTION TO DISMISS**

Justo Vaillant ("Plaintiff") filed this action against Officer Constanza, Officer Chonerko, Officer Moan, and Officer Scalise (collectively "Defendants"), asserting civil-rights claims arising from an April 20, 2023 incident at the South Windsor Police Department and the resulting criminal case. Am. Compl., ECF No. 32 ("Am. Compl.").

Officer Constanza, Officer Chonerko, Officer Moan, and Officer Scalise moved to dismiss the Amended Complaint. Mot. to Dismiss, ECF No. 40; Mem. in Supp., ECF No. 40-1 ("Mem.").

For the following reasons, Officer Constanza, Officer Chonerko, Officer Moan, and Officer Scalise's motion to dismiss, ECF No. 40, is **GRANTED**.

The Amended Complaint is **DISMISSED** with prejudice.

1

## I.    FACTUAL AND PROCEDURAL BACKGROUND

### A.  Factual Allegations

Justo Vaillant alleges that, on April 20, 2023, he went to the South Windsor Police Department "to obtain their assistance after I being locked out of my own home" and that "this officers fabricated [with] miss Milgros Vailant a case of threatening 2 and Harassment 1." Am. Compl. at 4, ECF No. 32.

Justo Vaillant further alleges that he lost a "priceless 1983 Chevrolet corvette," collections of coins, baseball cards, antiques, and a "custom made" motorcycle, that "the case that they fabricated still goes in superior court of manchester ct," and that "this officers hacked my tweeter account and is missing cripto currency money." Am. Compl. at 4, ECF No. 32

In his objection, Justo Vaillant repeats that the officers engaged in misconduct in connection with the "case of threating 2 and Harassment 1" and again alleges that the officers "Hacked my tweeter account" and stole cryptocurrency. Obj. at 1, ECF No. 42

### B. Procedural History

On November 6, 2024, Officer Constanza, Officer Chonerko, and the South Windsor Police Department removed this action from Hartford Superior Court.

On January 13, 2025, Officer Constanza, Officer Chonerko, and the South Windsor Police Department moved to dismiss.

On April 8, 2025, the Court denied Justo Vaillant's motions for joinder and explained that, to the extent Justo Vaillant sought to add parties, he had to amend the Complaint with either Defendants' consent or leave of Court.

On May 20, 2025, Justo Vaillant filed an Amended Complaint against Officer Constanza, Officer Chonerko, Officer Moan, and Officer Scalize, ECF No. 32.

On May 21, 2025, the Court construed ECF No. 32 as a motion to amend, granted that motion, adopted ECF No. 32 as the operative pleading, and denied the earlier motion to dismiss, ECF No. 21, as moot without prejudice to refiling.

On May 23, 2025, Officer Constanza, Officer Chonerko, Officer Moan, and Officer Scalize moved for an extension of time to respond to ECF No. 32.

On May 27, 2025, the Court granted that motion and extended the response deadline to July 3, 2025.

On May 30, 2025, Justo Vaillant filed another amended complaint against Officer Constanza, Officer Chonerko, Officer Moan, and Officer Scalize, ECF No. 38.

On June 5, 2025, Justo Vaillant filed another amended complaint against Cassandra Pittney, ECF No. 39.

The docket does not reflect that the Court granted leave as to ECF Nos. 38 or 39 or adopted either filing as the operative pleading.

On June 26, 2025, Officer Constanza, Officer Chonerko, Officer Moan, and Officer Scalize filed the pending second motion to dismiss, ECF No. 40, together with a memorandum in support, ECF No. 40-1.

On July 7, 2025, Justo Vaillant filed an objection, ECF No. 42.

On July 11, 2025, Officer Constanza, Officer Chonerko, Officer Moan, and Officer Scalize filed a reply, ECF No. 43.

**II. STANDARD OF REVIEW**

    **A.  Rule 12(b)(6)**

To survive a motion to dismiss under 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Any claim that fails "to state a claim upon which relief can be granted" will be dismissed. Fed. R. Civ. P. 12(b)(6). In reviewing a complaint under Rule 12(b)(6), a court applies a "plausibility standard" guided by "[t]wo working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *See also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (internal citations omitted)). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Thus, the complaint must contain "factual amplification . . . to render a claim plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009)).

When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), the court takes all factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. The court also views the allegations in the light most favorable to the plaintiff and draws all inferences in the plaintiff's favor. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013); *See also York v. Ass'n of the Bar of N.Y.*, 286 F.3d 122, 125 (2d Cir. 2002) ("On a motion to dismiss for failure

4

to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true.").

A court considering a motion to dismiss under Rule 12(b)(6) generally limits its review "to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005).

A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Although the Federal Rules of Civil Procedure do not require "detailed factual allegations," a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555–57. Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claim] is improbable, and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

5

### B. *Pro se* Filings

*Pro se* filings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (internal quotation marks omitted) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F. 3d 90, 101–02 (2d Cir. 2010) (discussing the "special solicitude" courts afford *pro se* litigants). While *pro se* complaints must be construed "liberally" and "read to raise the strongest arguments they suggest," the Court cannot "read into *pro se* submissions claims that are not consistent with the pro se litigant's allegations." *Triestman*, 470 F.3d at 476 (internal quotation marks omitted).

However, "when addressing a *pro se* complaint, a district 'court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002) (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)).

## III. DISCUSSION

### A. The False Arrest Claim[1]

A false-arrest claim under 42 U.S.C. § 1983 derives from the Fourth Amendment right to be free from arrest without probable cause. *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006) (explaining that a § 1983 false-arrest claim derives from the "Fourth Amendment right to remain free from unreasonable seizures, which includes the right to remain free from arrest without

---

[1] Construing this *pro se* Amended Complaint liberally, Mr. Vaillant arguably raises claims of false arrest, false imprisonment, malicious prosecution, and denial of the right to a fair trial based on fabricated evidence under 42 U.S.C. § 1983, which, to the extent Justo Vaillant seeks to assert these claims directly under the Constitution, they must be brought under 42 U.S.C. § 1983. *See Golden State Transit Corp. v. City of Los Angeles*, 493 U.S. 103, 105 (1989)(recognizing that Section 1983 "provides a federal remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.").

probable cause"). In analyzing such claims, the Second Circuit has explained that courts "generally look[ ] to the law of the state in which the arrest occurred" to determine the elements of a § 1983 false-arrest claim. *Alberty v. Hunter*, 144 F.4th 408, 415 (2d Cir. 2025); *Davis v. Rodriguez*, 364 F.3d 424, 433 (2d Cir. 2004) ("In analyzing § 1983 claims for unconstitutional false arrest, we have generally looked to the law of the state in which the arrest occurred.").

Under Connecticut law, to prevail on a false-arrest claim, a plaintiff must establish that "(1) the defendant intentionally arrested [the plaintiff] or had [her] arrested; (2) the plaintiff was aware of the arrest; (3) there was no consent to the arrest; and (4) the arrest was not supported by probable cause." *Alberty*, 144 F.4th at 415; *Belton v. Dragoi*, 228 Conn. App. 510, 534 (2024) ("To prevail on a claim of false arrest, the plaintiff must establish that the arrest was made without probable cause."). Connecticut law also defines false arrest as "the unlawful restraint by one person of the physical liberty of another." *Russo v. City of Bridgeport*, 479 F.3d 196, 204 (2d Cir. 2007).

Probable cause is a complete defense to false arrest. *Alberty*, 144 F.4th at 415 (stating that "a false arrest claim cannot lie when the challenged arrest was supported by probable cause."); *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004) (holding that "[b]ecause probable cause to arrest constitutes justification, there can be no claim for false arrest where the arresting officer had probable cause to arrest the plaintiff"); *Weyant v. Okst*, 101 F.3d 845, 853 (2d Cir. 1996) (holding that probable cause "is a complete defense to an action for false arrest").

Mr. Vaillant alleges the officers "fabricated with miss Milgros Vaillant a case of threatening 2 and Harassment 1." Am. Compl. at 4, ECF No. 32

The Defendants argue that because there are no allegations that they "acted without probable cause, or that they unlawfully detained him, or that the proceedings haven been

resolved in his favor, his claims are not legally viable under §1983 or Connecticut law." Defs. Mem. at 9, ECF No. 40-1.

The Court agrees.

Even under the liberal standard applicable to *pro se* pleadings, the conclusory assertions in the Amended Complaint do not suffice. *Darby v. Greenman*, 14 F.4th 124 (2d Cir. 2021) (stating that "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss."); *Jackson v. County of Rockland*, 450 F. App'x 15, 19 (2d Cir. 2011) (stating that "merely conclusory allegations 'masquerading as factual conclusions,' which are insufficient to defeat a motion to dismiss.")(citing *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 398 (2d Cir. 2006)(citation and internal quotation omitted).

The pleading does not allege what false information was supposedly supplied, what facts were known to the officers, whether and when Justo Vaillant was arrested, or why probable cause was lacking. Those omissions are dispositive because a false-arrest claim requires factual allegations that the defendant "intentionally arrested" the plaintiff, that the plaintiff "was aware of the arrest," and that "the arrest was not supported by probable cause." *Alberty*, 144 F.4th at 415. Without factual allegations permitting the reasonable inference that an arrest occurred and that the arrest lacked probable cause, the Amended Complaint does not state a plausible false-arrest claim.

Accordingly, the Defendants' motion to dismiss any false-arrest claim will be granted.

**B.  The False Imprisonment Claim**

False imprisonment is "the unlawful restrain by one person of the physical liberty of another." *Felix v. Hall-Brooke Sanitarium*, 140 Conn. 496, 499, 101 A.2d 510 (1953). "[C]laims of false arrest and false imprisonment are often viewed as synonymous and analyzed together."

*Glover v. Onondaga County*, 2025 WL 1077532 (2d Cir. Apr. 10, 2025). "Under Connecticut law, '[f]alse imprisonment, or false arrest, is the unlawful restraint by one person of the physical liberty of another,'" and the applicable law for false arrest and false imprisonment "is identical." *Russo v. City of Bridgeport*, 479 F.3d 196, 204 (2d Cir. 2007). "False arrest is a type of false imprisonment; the two claims have identical elements." *Rhodes v. City of Plattsburgh*, 2000 WL 536397 (2d Cir. May 3, 2000). "The common law tort of false arrest is a species of false imprisonment, an action 'derived from the ancient common-law action of trespass [that] protects the personal interest of freedom from restraint of movement.'" *Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995). The elements are "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Id.*

As a result, a false imprisonment claim cannot be sustained where an arrest results from "compliance with proper legal authority." *Lo Sacco v. Young*, 20 Conn. App. 6, 21, cert. denied, 213 Conn. 808 (1989); *see Russo*, 479 F.3d at 204 (stating that "a claim for false imprisonment may not lie where 'the arrest of the plaintiff is legally authorized'" and that "there is no cause of action for false imprisonment if the plaintiff was arrested pursuant to a facially valid warrant.").

As to this claim, just as with the false arrest claim, the Defendants argue that it must fail because there are no allegations that they "acted without probable cause, or that they unlawfully detained him, or that the proceedings haven been resolved in his favor." Defs. Mem. at 9, ECF No. 40-1.

The Court agrees.

The Amended Complaint does not plausibly allege that Officer Constanza, Officer Chonerko, Officer Moan, or Officer Scalise intended to confine Justo Vaillant, that he was

conscious of any confinement, or that any confinement was not otherwise privileged. *See Singer*, 63 F.3d at 118 (stating that "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged."). Nor does it plead facts showing an "unlawful restrain" of Justo Vaillant's liberty or facts showing that any detention occurred outside "proper legal authority." *Felix*, 140 Conn. at 499; *Russo*, 479 F.3d at 204 (stating that "a claim for false imprisonment may not lie where 'the arrest of the plaintiff is legally authorized'").

Instead, as with the false arrest claim, the Amended Complaint provides only conclusory allegations that officers fabricated charges, without factual allegations describing the restraint itself, the circumstances of any detention, or the absence of legal justification. *Jackson v. County of Rockland*, 450 F. App'x 15, 19 (2d Cir. 2011) (stating that allegations that are "conclusory, vague, [and] general" are "insufficient to withstand a motion to dismiss.")(citing *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011). As a result, these allegations are insufficient to state a plausible false imprisonment claim.

Accordingly, the Defendants' motion to dismiss any false imprisonment claim will be granted.

### C. The Malicious Prosecution Claim

A malicious prosecution claim under 42 U.S.C. § 1983 requires a plaintiff to "show a violation of his rights under the Fourth Amendment and must establish the elements of a malicious prosecution claim under state law." *Friend v. Gasparino*, 61 F.4th 77, 92 (2d Cir. 2023). Under Connecticut law, "a malicious prosecution claim requires proof that (1) the defendant initiated or procured the institution of criminal proceedings against the plaintiff; (2) the criminal proceedings have terminated in favor of the plaintiff; (3) the defendant acted without

probable cause; and (4) the defendant acted with malice, primarily for a purpose other than that of bringing an offender to justice." *Friend*, 61 F.4th at 92. Because lack of probable cause is one of the required elements, "the existence of probable cause is a complete defense to a malicious prosecution claim." *Id*.

The Amended Complaint alleges that "the case that they fabricated still goes in superior court of manchester ct." Am. Compl. at 4, ECF No. 32. In his objection, Justo Vaillant continues to challenge "the case of threating 2 and Harassment 1," but he does not allege that the criminal matter terminated in his favor. Pl.'s Obj. at 1, ECF No. 42.

Officer Constanza, Officer Chonerko, Officer Moan, and Officer Scalise therefore argue that any malicious prosecution claim fails because favorable termination is required and Justo Vaillant's own allegations show that the criminal case remains pending. Defs.' Mem. at 9, ECF No. 40-1 (arguing that "the plaintiff concedes that the criminal case remains pending in state court, which forecloses any claim for malicious prosecution, as a favorable termination is a required element").

The Court agrees.

Any malicious prosecution theory fails for an independent reason. Justo Vaillant expressly alleges that "the case that they fabricated still goes in superior court of manchester ct." Am. Compl. at 4, ECF No. 32. That allegation forecloses the favorable-termination element on the face of the pleading. *Friend*, 61 F.4th at 92 (stating that a malicious-prosecution claim requires proof that "the criminal proceedings have terminated in favor of the plaintiff"). Defendants correctly make the same point. Defs.' Mem. at 9, ECF No. 40-1 (arguing that "the plaintiff concedes that the criminal case remains pending in state court, which forecloses any claim for malicious prosecution, as a favorable termination is a required element").

His objection does not cure that defect. Even reading the pleading with "'special solicitude' and interpreting it to raise the strongest claims it suggests," *Jackson*, 450 F. App'x at 18 (2d Cir. 2011)(citing *Treistman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75)(internal quotation omitted), he still does not allege that the underlying criminal matter terminated in his favor. And "a liberal interpretation of a pro se civil rights complaint may not supply essential elements of the claim that were not initially pled." *Darby v. Greenman*, 14 F.4th 124 (2d Cir. 2021).

Accordingly, the Defendants' motion to dismiss any malicious prosecution claim will be granted.

### D. The Fair Trial Claim

A denial of the right to a fair trial claim based on fabricated evidence is distinct from a false arrest and a malicious prosecution claim. There is "a constitutional right not to be deprived of liberty as a result of the fabrication of evidence by a government officer acting in an investigatory capacity." *Dufort v. City of New York*, 874 F.3d 338, 355 (2d Cir. 2017). "[W]hen a police officer creates false information likely to influence a jury's decision and forwards that information to prosecutors, he violates the accused's constitutional right to a fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983." *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 275 (2d Cir. 2016) (quoting *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997)); *Ricciuti*, 124 F.3d at 130.

To state such a claim, a plaintiff must plausibly plead "(1) investigating official (2) fabricates evidence (3) that is likely to influence a jury's decision, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of liberty as a result." *Jovanovic v. City*

*of New York*, 486 F. App'x 149, 152 (2d Cir. 2012)(citing *Jocks v. Tavernier*, 316 F.3d 128, 138 (2d Cir. 2003) and *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 129-130)). At the pleading stage, "[c]onclusory statements that officers fabricated evidence do not suffice to state a claim for the denial of a fair trial." *Taranto v. Putnam County*, 2023 WL 6318280, at *10 (S.D.N.Y. Sept. 28, 2023). Rather, "plaintiffs must identify the actual fabrication," and "[w]ithout such an allegation, Plaintiffs claim cannot stand." *Id.* The same is true where a plaintiff alleges only that "'Defendants created false evidence' and 'utilized this evidence against ... Plaintiff in legal proceedings,'" because such allegations are "too conclusory" to state a fair-trial claim. *Bleiwas v. City of New York*, 2017 WL 3524679, at *7 (S.D.N.Y. Aug. 15, 2017).

The Amended Complaint alleges that "this officers fabricated with miss Milgros Vaillant a case of threatening 2 and Harassment 1" and that "the case that they fabricated still goes in superior court of manchester ct." Am. Compl. at 4, ECF No. 32. He further argues misconduct in connection with "the case of threating 2 and Harassment 1," but he fails to identify any false statement, fabricated document, or information forwarded to a prosecutor. Pl.'s Obj. at 1, ECF No. 42 (asserting that "this officers Have done all chain of misconduct" and referring to "the case of threating 2 and Harassment 1").

Officer Constanza, Officer Chonerko, Officer Moan, and Officer Scalise argue that the Amended Complaint's fabrication allegations are conclusory because Justo Vaillant alleges only that officers 'fabricated' charges against him, without identifying which officers were involved, what specific actions each officer took, or facts plausibly supporting the alleged fabrication. Defs.' Mem. at 9-11, ECF No. 40-1.

The Court agrees.

The Amended Complaint does not identify any specific fabrication, any false statement, any fabricated document, or any information allegedly forwarded to a prosecutor. *See Taranto*, 2023 WL 6318280, at \*10 (stating that "Plaintiffs have not identified any specific fabrication."). Nor does it allege facts permitting the reasonable inference that any officer created false information "that is likely to influence a jury's decision" or "forwards that information to prosecutors." *Jovanovic*, 486 F. App'x at 152. Instead, Mr. Vaillant alleges only, in conclusory fashion, that the officers "fabricated" a case. Am. Compl. at 4, ECF No. 32.

But "[c]onclusory statements that officers fabricated evidence do not suffice to state a claim for the denial of a fair trial." *Taranto*, 2023 WL 6318280, at \*10. And "[w]ithout such an allegation, Plaintiffs claim cannot stand." *Id.* The allegation here therefore resembles the sort of pleading courts have found too conclusory to proceed. *Bleiwas*, 2017 WL 3524679, at \*7 ("Plaintiff's claim that 'Defendants created false evidence' and 'utilized this evidence against ... Plaintiff in legal proceedings' is too conclusory—and not supported by Plaintiff's other allegations—to assert a fair trial claim against the remaining Officer Defendants.").

Accordingly, the Defendants' motion to dismiss any denial of the right to a fair-trial claim will be granted.

### E. The Conspiracy Claim

To state a § 1983 conspiracy claim, a plaintiff must plausibly allege an agreement between a state actor and a private party, concerted action to inflict an unconstitutional injury, and an overt act taken in furtherance of that agreement. "[I]n order to survive a motion to dismiss on his § 1983 conspiracy claim, [plaintiff] must allege (1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Lewis v. Slaiby*, No. 3:23-CV-231 (VAB), 2024 WL

1241937, at *3 (D. Conn. Mar. 22, 2024). A plaintiff also must allege "an agreement or meeting of the minds between the state actor and private actor to engage in a conspiracy to deprive the plaintiff of a constitutional right." *Burke v. APT Found.*, 509 F. Supp. 2d 169, 174 (D. Conn. 2007).

The Amended Complaint alleges that "this officers fabricated with miss Milgros Vaillant a case of threatening 2 and Harassment 1." Am. Compl. at 4, ECF No. 32. Mr. Vaillant further argues that officers were involved in misconduct connected to "the case of threating 2 and Harassment 1," but he does not identify any agreement or overt act. Pl.'s Obj. at 1, ECF No. 42.

Officer Constanza, Officer Chonerko, Officer Moan, and Officer Scalise argue that any conspiracy claim fails because the Amended Complaint alleges only, "in a conclusory fashion," that the officers "'fabricated' a criminal case with Miss Milagros Vaillant," "without identifying any overt acts or specific communications indicating an agreement between the parties." Defs.' Mem. at 10-11, ECF No. 40-1.

The Court agrees.

The Amended Complaint does not plausibly allege a conspiracy. It alleges only that the officers "fabricated with miss Milgros Vaillant a case of threatening 2 and Harassment 1." Am. Compl. at 4, ECF No. 32. The pleading fails, however, to identify when any agreement was made, what any participant said, what act Milagros Vaillant supposedly took, or what overt act any officer undertook in furtherance of the alleged conspiracy. *See Ciambriello v. County of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002)( "'[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed,'" and "diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct.");

*see also Lewis*, 2024 WL 1241937, at 3 ("[Plaintiff] fails to allege the necessary agreement or meeting of the minds between [a Defendant] and the state officers and mere conclusory allegations of such an agreement are not enough.")(citation and internal quotation marks omitted). As a result, this pleading fails to "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Accordingly, the Defendants' motion to dismiss any § 1983 conspiracy claim will be granted.

### F.  Any Possible Remaining Claims

A § 1983 plaintiff also must plead the personal involvement of each defendant. *Provost v. City of Newburgh*, 262 F.3d 146, 155 (2d Cir. 2001) (explaining that "[b]ut such innocent participation in the arrest cannot make him liable for its illegality" and that "direct participation" "requires intentional participation in the conduct constituting a violation of the victim's rights by one who knew of the facts rendering it illegal"). *Williams v. Smith*, 781 F.2d 319, 323 (2d Cir. 1986) (stating that the "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under §1983").

The Amended Complaint names Officer Constanza, Officer Chonerko, Officer Moan, and Officer Scalise in the caption, but in the body alleges only that "this officers fabricated with miss Milagros Vaillant a case of threatening 2 and Harassment 1" and that "this officers hacked my tweeter account and is missing cripto currency money." Am. Compl. at 4, ECF No. 32 (alleging that "this officers fabricated with miss Milagros Vaillant a case of threatening 2 and Harassment 1" and that "this officers hacked my tweeter account and is missing cripto currency money"). Mr.

16

Vaillant further argues that the officers collectively, " Have done all chain of misconduct" and that they "Hacked my tweeter account." Pl.'s Obj. at 1, ECF No. 42.

Officer Constanza, Officer Chonerko, Officer Moan, and Officer Scalise argue that these allegations remain "disjointed, confusing and lack coherent factual allegations that would put the Defendants on notice of the specific claims against them or the grounds upon which they rest," and that Mr. Vaillant makes only "sweeping assertions," such as that the officers "'fabricated' a criminal case or 'hacked' his Twitter account," "without alleging when this occurred, which officer did what, or how such actions plausibly give rise to a violation of his constitutional rights." Defs.' Reply at 3-4, ECF No. 43.

They further argue that Mr. Vaillant "does not identify which officers were allegedly involved in this conduct, what specific actions each officer took, or how those actions amounted to a constitutional violation," and instead relies on "vague and conclusory language referring to 'officers' in general." Defs.' Mem. at 11-12, ECF No. 40-1.

The Court agrees.

The Amended Complaint does not plausibly allege the personal involvement of any named officer in other constitutional violation than those addressed above. Although the pleading names four officers in the caption, the operative allegations refer only to "this officers." Am. Compl. at 4, ECF No. 32 (alleging that "this officers fabricated with miss Milagros Vaillant a case of threatening 2 and Harassment 1" and that "this officers hacked my tweeter account and is missing cripto currency money").

The allegations of the Amended Complaint must connect each Defendant to the alleged constitutional injury. *Provost*, 262 F.3d at 155 ("[b]ut such innocent participation in the arrest cannot make him liable for its illegality" and that "direct participation" "requires intentional

17

participation in the conduct constituting a violation of the victim's rights by one who knew of the facts rendering it illegal"); *Williams*, 781 F.2d at 323 (stating that the "personal involvement of defendants in alleged constitutional deprivations is a prerequisite" to damages liability).

But Mr. Vaillant does not allege which officer spoke with him at the police department, which officer supposedly fabricated the threatening and harassment charges, which officer caused any property loss, or which officer allegedly hacked his Twitter account or caused the loss of cryptocurrency. *See Iqbal*, 556 U.S. at 678-79 (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and that "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Twombly*, 550 U.S. at 555, 570 (stating that a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions" and holding that a complaint must "nudge[] [the] claims across the line from conceivable to plausible").

Even in a *pro se* case, Rule 8 does not permit such vague and conclusory pleadings. *Owens v. Connecticut*, 771 F. Supp. 3d 92, 94 (D. Conn. 2025) (stating that dismissal may be warranted where the complaint is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised"); *Cerilli v. Quiros*, 768 F. Supp. 3d 363, 367 (D. Conn. 2025) (stating that, "[e]ven in a pro se case," "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

Accordingly, the Defendants' motion to dismiss any remaining civil-rights claims asserted against Officer Constanza, Officer Chonerko, Officer Moan, and Officer Scalise will be granted.

### G. Leave to Amend

Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course within the period set out in Rule 15(a)(1), but, "[i]n all other cases," may amend "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)–(2).

Although the Court "should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), the decision whether to grant leave to amend remains within the Court's discretion, and leave may be denied for, among other reasons, "repeated failure to cure deficiencies by amendments previously allowed" and "futility of amendment." *Foman*, 371 U.S. at 182 (listing "repeated failure to cure deficiencies by amendments previously allowed" and "futility of amendment" as grounds to deny leave).

An amendment is futile when it is "unlikely to be productive" and "could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente*, 310 F.3d at 258 (explaining that leave may be denied when amendment is "unlikely to be productive" because it "could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)"). And although courts "remain obligated to construe a pro se complaint liberally," a *pro se* plaintiff still must plead sufficient facts to satisfy the plausibility standard. *Harris*, 572 F.3d at 72 (noting that, "[e]ven after *Twombly*" and *Iqbal*, courts "remain obligated to construe a pro se complaint liberally," but the complaint still must satisfy facial plausibility). A complaint that offers only "'labels and conclusions,'" "'a formulaic recitation of the elements of a cause of action,'" or "'naked assertion[s]' devoid of 'further factual enhancement'" does not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557); *see also Twombly*, 550 U.S. at 570 (requiring "enough facts to state a claim to relief that is plausible on its face").

19

Having already given Mr. Vaillant one opportunity to amend his Complaint, and given the continuing absence of any viable claims, the Court will dismiss these claims with prejudice. On April 8, 2025, the Court explained that, to the extent Mr. Vaillant wished to add parties, "the proper vehicle to do so would be to amend the Complaint," which "would now require consent of the Defendants or leave of this Court." ECF No. 30. Mr. Vaillant then filed the Amended Complaint and on May 21, 2025, the Court construed that filing as a motion to amend, granted leave to amend, and adopted the Amended Complaint. as "the operative pleading in the case." ECF No. 33. The Court therefore denied as moot Defendants' first motion to dismiss, ECF No. 21, without prejudice to refiling.

Following that amendment, Defendants obtained an extension of time to respond to the amended pleading, ECF Nos. 35 and 36, and later filed a second motion to dismiss, ECF No. 40. Mr. Vaillant opposed that motion at ECF No. 42, and Defendants filed a reply at ECF No. 43. Despite the opportunity to amend, the Amended Complaint still does not state any viable claims. For the reasons discussed above, it continues to rely on conclusory assertions rather than facts sufficient to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 678 (holding that a complaint that includes only "'labels and conclusions,' . . . 'a formulaic recitation of the elements of a cause of action,'" or "'naked assertion[s]' devoid of 'further factual enhancement'" does not meet the facial plausibility standard); *see also Twombly*, 550 U.S. at 570 (holding that plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face"); *see also Harris*, 572 F.3d at 72 (noting that "[e]ven after *Twombly*" and *Iqbal*, courts "remain obligated to construe a pro se complaint liberally," but the complaint still must include sufficient factual allegations to meet the standard of facial plausibility).

After ECF No. 32 became the operative pleading, Mr. Vaillant filed another amended pleading. ECF No. 38. The Court did not grant leave to amend as to that filing or adopt it as the operative pleading. Even so, to the extent this pleading could be construed as a request for further amendment, it would not alter the result. This pleading repeats the same core allegations that officers engaged in "planting evidence," "violated my civil Rights," "hacked my tweeter account," and caused losses tied to "Crypto Currencies." Mr. Vaillant still does not supply the factual detail necessary to cure the deficiencies identified above.

As a result, further amendment would be futile because any additional amendment would be "unlikely to be productive" and "could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente*, 310 F.3d at 258. The record also reflects a "repeated failure to cure deficiencies by amendments previously allowed," which is an independent reason to deny further leave to amend. *Foman*, 371 U.S. at 182.

Accordingly, having already afforded Mr. Vaillant an opportunity to amend, and given the continuing absence of any viable claim, the Court will dismiss the Amended Complaint with prejudice.

## IV. CONCLUSION

For the foregoing reasons, Officer Constanza, Officer Chonerko, Officer Moan, and Officer Scalise's motion to dismiss, ECF No. 40, is **GRANTED**.

The Amended Complaint is **DISMISSED** with prejudice.

The Clerk of Court is respectfully directed to enter judgment for the Defendants, and to close this case.

SO ORDERED at New Haven, Connecticut, this 30th day of March, 2026.

21

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE